UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**JOSHUA MICHAEL HAVENS**                    **CIVIL ACTION NO. 23-1253**

**VS.**                                                            **SECTION P**

                                                                       **JUDGE TERRY A. DOUGHTY**

**MOREHOUSE PARISH JAIL, ET AL.**       **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Plaintiff Joshua Michael Havens, a pre-trial detainee at Morehouse Parish Jail proceeding pro se and in forma pauperis, filed this proceeding on approximately September 8, 2023, under 42 U.S.C. § 1983. He names the following defendants: Morehouse Parish Detention Center, "Louisiana Dept. of Corrections," Deputy Harrington, Nurse Pennington, Sergeant Williams, Corporal Armstrong, and Lieutenant Clacks.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that Defendants Harrington, Williams, and Clacks accused him of "breaking a protection order that does not exist[.]" [doc. # 12, pp. 1-2]. Plaintiff then suggests that because of the accusation, he was not allowed to use tablets and his accounts were disabled. [doc. # 1, p. 4]. He could not contact family or friends on the tablets, and he could not receive non-legal mail. *Id.* at 5. Now, however, he has "email and telecom services available on [a different] account." [doc. # 12, p. 2].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff claims that Harrington, Williams, and Clacks' false accusations of violating a protection order "led to Armstrong putting [him] in lockdown[.]" [doc. # 12, p. 1].

Next, Plaintiff claims that "after being disallowed to use the tablets[,]" he was attacked by another inmate, Carl Walker, who broke his jaw. [doc. # 1, p. 4]. Plaintiff was treated at Morehouse General Hospital and then referred to "LSU for surgery/facial reconstruction." *Id.* at 5. He also received "antidepressants for anxiety in relation to [the] incident." *Id.* Plaintiff suggests that he was attacked because Department of Corrections inmates and "Parish inmates" were not separated. *Id.* at 3, 5.

Plaintiff also claims that Armstrong failed to protect him from Walker. [doc. # 12, p. 1]. He alleges: "Cpl. Armstrong was notified but disregarded the threat." *Id.*

Plaintiff claims that a nurse refuses to make follow-up appointments "at LSU[.]" [doc. # 12, p. 1]. He adds: "With my maxiafascial surgery, I need new dentures or implants. I'd like implants." *Id.* at 2.

Plaintiff claims, "Due to 'COVID,' which ended months ago, we are unable to have visits . . . ." [doc. # 12, p. 2].

Plaintiff seeks: (1) "mail availability for all inmates regardless [of] situations"; (2) the separation of Department of Corrections inmates and "Parish" inmates; and (3) compensation for pain, suffering, mental anguish, his inability to contact family and friends, and his inability to receive non-legal mail. [doc. # 1, p. 5].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by

4

the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

### 2. Duplicative Claims

The Court should dismiss five of Plaintiff's claims as duplicative and therefore frivolous and malicious.

"IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, the following claims are substantially similar to, and arise from the same series of events as, allegations in proceedings that Plaintiff filed before he initiated this proceeding: (1) that Defendants Harrington, Williams, and Clacks accused him of "breaking a protection order

5

that does not exist"; (2) that Plaintiff was not allowed to use tablets or his accounts to contact others and receive non-legal mail; (3) that Armstrong placed him in lockdown; (4) that Plaintiff was attacked because Department of Corrections inmates and "Parish inmates" were not separated; and (5) that Armstrong failed to protect him from Walker.

With respect to the first three claims above, Plaintiff alleged in *Joshua Michael Havens v. Deputy Harrington, et al.*, 3:23-cv-1248 (W.D. La. 2023), that:

> Defendants Harrington, Williams, and Clacks falsified a protection order and then denied him access to his Smart Jail Mail account, citing the falsified protection order. After Plaintiff contacted the individual subject to the protection order, Corporal Armstrong placed Plaintiff in lockdown for allegedly violating the protection order. When Plaintiff returned from lockdown to general population, he "could no longer receive inmate mail" or "correspond with any persons via [his] active account." He could, however, receive legal mail.

As to the last two claims above, Plaintiff alleged in *Joshua Michael Havens v. Morehouse Parish Jail, et al.*, 3:23-cv-1246 (W.D. La. 2023), that (i) Armstrong failed to protect him from Walker and (ii) he was attacked because "D.O.C. and Parish inmates" were "mixed."

As these claims are duplicative, frivolous, and malicious, the Court should dismiss them without prejudice to Plaintiff's right to prosecute the other pending, duplicative proceedings.[3,4] *See Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016) (observing that a dismissal as duplicative

---

[3] *See Comeaux v. Cockrell*, 72 F. App'x 54, 55 (5th Cir. 2003) (approving the dismissal of only some claims—rather than an entire complaint—as duplicative and therefore malicious).

[4] That Plaintiff names different defendants in this proceeding does not change the result. *See Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Wesley v. LeBlanc*, 815 F. App'x 817, 818 (5th Cir. 2020) (affirming dismissal as duplicative and malicious where the plaintiff alleged that a new defendant, who he did not name in prior lawsuits, was the only person who could adequately afford him the relief he sought); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

should be without prejudice to the plaintiff's right to prosecute the duplicative suit).

### 3. Medical Care

Plaintiff claims that a nurse refuses to make follow-up appointments "at LSU[.]" [doc. # 12, p. 1]. He adds: "With my maxiafascial surgery, I <u>need</u> new dentures or implants. I'd like implants." *Id.* at 2.

To plead a constitutional violation, a plaintiff "must demonstrate that a government official was deliberately indifferent to 'a substantial risk of serious medical harm.'" *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (*quoting Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial of medical care claim). A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

"[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. In short, [d]eliberate indifference is an extremely high standard to meet." *Id.* (internal quotation marks and quoted sources omitted); *see Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir.

7

1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Frazier v. Keith*, 707 F. App'x 823, 824 (5th Cir. 2018) ("The choice between forms of treatment is a classic example of a matter of professional judgment and does not support a finding of deliberate indifference.").

Here, Plaintiff does not specify the identity of the nurse against whom he raises this claim, but the undersigned presumes the nurse is Nurse Pennington as Pennington is the only nurse Plaintiff names as a defendant. Plaintiff, however, does not plead a plausible claim.

Plaintiff does not identify a serious medical need for which he required medical care or a substantial risk of serious harm. A substantial risk of serious harm is "defined as harm 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" *Campbell v. Brown*, 2018 WL 6335832, at *1 (5th Cir. Dec. 4, 2018) (*quoting Helling v. McKinney*, 509 U.S. 25, 36 (1993)). Relatedly, a serious medical need "equates to the 'unnecessary and wanton infliction of pain.'" *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). A serious medical need is also defined as "'one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required.'" *Id.* (*quoting Gobert*, 463 F.3d at n. 12). The "essential test is one of medical necessity and not one simply of desirability." *Id.* (*quoting Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981)). Here, Plaintiff states only that he needs *new* dentures or implants, suggesting that he already has dentures. More importantly, he does not specify *why* he requires new dentures or implants.

The Court could speculate that Plaintiff is attempting to plead that he needed new dentures because the shape of his teeth or jaw changed following his surgery, and, therefore, the dentures he has do not fit. Plaintiff, however, does not allege this. As above, a complaint fails to

8

state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya*, 614 F.3d at 148.

Even assuming Plaintiff did outline a serious medical need, he does not plausibly allege that Nurse Pennington was deliberately indifferent to a substantial risk of serious harm. He does not specify, for example, when he requested care (if at all), how long he has waited for dentures or dental implants, to whom he directed his requests, what he requested, whether Pennington failed to arrange treatment or impeded treatment, what Pennington knew, or how Pennington responded to any requests for care, to his serious medical needs, or to any substantial risk of serious harm. Plaintiff does not supply enough detail to state a plausible claim.

Finally, to the extent Plaintiff claims only that he did not receive 'follow-up' care for medical needs which were already treated—as opposed to claiming that he was denied treatment for new, untreated serious medical needs—he does not state a plausible claim. *See Mathis v. Alexander*, 49 F.3d 728 (5th Cir. 1995) (finding complaints of not receiving follow-up examinations did "not rise to the level of deliberate indifference").

The Court should dismiss these all-too-conclusory claims.

## 4. Visitation

Plaintiff claims, "Due to 'COVID,' which ended months ago, we are unable to have visits . . . ." [doc. # 12, p. 2]. Plaintiff, however, does not identify a defendant responsible for depriving him of visitation. Even if he did, he does not supply enough detail to state a plausible claim. As above, "unadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677. The Court should dismiss this claim.

## <u>Recommendation</u>

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Joshua Michael Havens'

9

duplicative claims be **DISMISSED WITHOUT PREJUDICE** to his right to prosecute the claims in his other pending proceedings. The claims should otherwise be **DISMISSED WITH PREJUDICE** as duplicative, frivolous, and malicious.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 29th day of December, 2023.

                                                 Kayla Dye McClusky
                                                 United States Magistrate Judge